2005 ME 6

**David CAREY**

v.

**INDIAN ROCK CORPORATION.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 16, 2004.

Decided: Jan. 12, 2005.

Edward Daigle, Portland, for plaintiff.

Russell Burgess, Revere, MA, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and LEVY, JJ.

CLIFFORD, J.

[¶ 1] Indian Rock Corporation appeals from the dismissal of its counterclaim by the District Court (Portland, *Beaudoin, J.*). Indian Rock contends that a corporate officer who is allowed to represent his company in defense of a civil action, pursuant to 4 M.R.S.A. § 807(3)(J) (Supp. 2004), may also file a counterclaim on behalf of the corporation in that same action. He argues that the counterclaim was improperly dismissed. We disagree and affirm the dismissal.

[¶ 2] Pursuant to 4 M.R.S.A. § 807(1) (Supp. 2004), "No person may practice law or profess to practice law within the State or before its courts, or demand or receive any remuneration for those services rendered in this State, unless that person has been admitted to the bar of this State . . . ." Section 807 creates an exception for an officer who represents his corporation "[f]or the purposes of defending a civil action filed against a corporation . . . if the corporation is organized in [Maine] and has 5 or fewer shareholders." 4 M.R.S.A. § 807(3)(J).

[¶ 3] David Carey filed a complaint against Indian Rock. In response, the sole shareholder of Indian Rock, Russell Burgess, filed an answer and a counterclaim on behalf of the corporation. Burgess, who is not an attorney, contends that part of "defending" the corporation pursuant to section 807(3)(J), includes being able to file a counterclaim. We disagree. A counterclaim is a separate claim for relief, and thus a corporation must retain counsel in order to assert a counterclaim. *See* M.R. Civ. P. 8(a); *see also Spickler v. York,* 566 A.2d 1385, 1390 (Me.1989) (holding that "a corporation, which is a fictitious legal person, cannot bring an action unless it is represented by a licensed attorney"); *Land Mgmt., Inc. v. Dep't of Envtl. Prot.,* 368 A.2d 602, 603–04 (Me.1977) (noting that it is sound public policy not to allow non-lawyer, corporate officers to maintain litigation on behalf of the corporation). The court properly dismissed the counterclaim.

The entry is:

Judgment affirmed.