# United States Court of Appeals
## For the First Circuit

No. 14-1786

DANA DESJARDINS,

Plaintiff, Appellant,

v.

DONALD WILLARD; MICHAEL REYNOLDS,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Nancy Torresen, U.S. District Judge]

Before

Lynch, Chief Judge,
Souter, Associate Justice,[*] and
Selya, Circuit Judge.

John S. Campbell, with whom Campbell & Associates, P.A. was on brief, for appellant.
Daniel J. Murphy, with whom Bernstein Shur was on brief, for appellees.

January 23, 2015

---

[*]    Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**LYNCH, Chief Judge**. What is left of this case after dismissal of the federal claims involves state law defamation and false light claims by one town official for the town of Raymond, Maine, against another town official.[1] This case started in state superior court, and was removed based on federal claims under the Fourth and Fourteenth Amendments. The federal claims were, as we discuss below, correctly dismissed. The remaining state law claims under supplemental jurisdiction involve resolution of a potential conflict between Maine's Anti-SLAPP statute, Me. Rev. Stat. tit. 14, § 556, and Maine's state constitution, a conflict that is best resolved by the Maine courts. The foundational federal claims having been dismissed, we vacate and direct that the remaining state law claims be remanded to state court. See Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1st Cir. 1998).

I.

Dana Desjardins alleges that, beginning in late 2012, defendant Michael Reynolds, a fellow town official, told the Cumberland County Sheriff's Department that Desjardins had attended public meetings drunk and driven while intoxicated. Reynolds allegedly knew, or should have known, that these reports were false because he also attends these meetings and knows that Desjardins rarely drinks. Desjardins alleges that these false statements

---

[1] At oral argument, Desjardins voluntarily withdrew his appeal of the dismissals of similar claims against the Town Manager, Donald Willard.

damaged his reputation and caused the Sheriff's Department to red-flag Desjardins and pull his car over without cause.

In August 2013, Desjardins brought suit in Cumberland County Superior Court. The heart of this case is Desjardins' state law claims for defamation and false light invasion of privacy.[2] He also alleged federal claims under § 1983 for violations of the Fourth Amendment's prohibition on unreasonable seizures and a Fourteenth Amendment Due Process protection of a liberty interest in avoiding reputational harm. The removal to federal court in September 2013 was on the basis of these federal claims.

We affirm the dismissal of the federal claims. Desjardins' Fourth Amendment claim fails because there is no proximate causation between Reynolds' actions and the allegedly unconstitutional traffic stop: the most that the complaint plausibly alleges is that Reynolds requested that the Sheriff's Department send a deputy to the January 8, 2013 selectboard meeting, but instead accepted the sheriff's proposed plan to monitor for erratic driving. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 16 (1st Cir. 2011). Desjardins fails to state a Fourteenth Amendment Due Process claim because the alleged stigma from defamatory statements and the resulting harm to tangible

---

[2] Desjardins conceded in the district court that his state law claims for negligent infliction of emotional distress and intentional infliction of emotional distress should be dismissed under Rule 12(b)(6).

-3-

interests, being red-flagged and having his car pulled over, "'derive from distinct sources.'" Mead v. Independence Ass'n, 684 F.3d 226, 233-34 (1st Cir. 2012) (quoting URI Student Senate v. Town of Narragansett, 631 F.3d 1, 10 (1st Cir. 2011)) (holding that to state a Due Process claim based on stigmatization, a party must allege "stigma-plus" -- "'an adverse effect on some interest more tangible than reputational harm'" that is "'directly attributable'" to, and derives from the same source as, the challenged action (quoting URI, 631 F.3d at 9-10)).

## II.

This leaves only the state law claims. Where a federal court has dismissed the anchoring federal claims over which it has original jurisdiction, the court "may decline to exercise supplemental jurisdiction" over the remaining state law claims. 28 U.S.C. § 1367(c)(3); see also Camelio, 137 F.3d at 672 ("If . . . the court dismisses the foundational federal claims, it must reassess its jurisdiction . . . ."). Whether a court should decline supplemental jurisdiction depends on a "pragmatic and case-specific evaluation of a variety of considerations," including "the interests of fairness, judicial economy, convenience, and comity." Camelio, 137 F.3d at 672.

The district court faced competing considerations as to retention of jurisdiction that differ somewhat from those now before us. At the time of its decision, the case still included

-4-

defendant Donald Willard, the state claims against whom the court found were readily dismissed under Rule 12(b)(6).  The district court implicitly concluded that the interests of fairness, judicial economy, and convenience at that time weighed in favor of resolving these state claims.  Cf. Camelio, 137 F.3d at 672 (finding relevant whether "the district court's disposition of some but not all of the state law claims will materially shorten the time it will take to resolve the parties' dispute").  On the other hand, the claims against Reynolds were less readily resolved: The Supreme Judicial Court of Maine has held that Desjardins' alleged injury, the "'damages per se' traditionally associated with libel or slander . . . do not satisfy the actual injury requirement of [Maine's Anti-SLAPP law]."  Schelling v. Lindell, 942 A.2d 1226, 1232 & n.4 (Me. 2008).[3]  But, as the district court acknowledged, Schelling may be in tension with Maine's constitutional protections for the right to judicial remedies and the new approach to Maine's Anti-SLAPP law announced in Nader v. Maine Democratic Party (Nader I), 41 A.3d 551, 559-63 (Me. 2012).[4]  The district court acknowledged

_____

[3]  The district court also found that that Desjardins had failed to meet his burden of production that he suffered actual injury in addition to damages per se.  For the reasons that follow, we need not reach Desjardins' arguments on these findings.

[4]  Nader I overturned prior precedent to avoid an unconstitutional application of the Anti-SLAPP law in light of the constitutional guarantee to "a speedy remedy for every wrong recognized by law as remediable."  Nader I, 41 A.3d at 559-63; cf. id. at 565-66 (Silver, J., concurring) (explaining Anti-SLAPP may problematically deprive some defamation plaintiffs of their right

these tensions, but felt it was "constrained" to follow <u>Schelling</u> and so, in the perceived interests of judicial economy and fairness to both Willard and Reynolds, the district court exercised its discretion to resolve the case. <u>Desjardins</u> v. <u>Willard</u>, No. 2:13-cv-00338-NT, 2014 WL 2815698, at *12-13, 19 (D. Me. June 20, 2014) (dismissing state law claims against Willard under Rule 12(b)(6) and state law claims against Reynolds under Maine's Anti-SLAPP law).

Defendant Willard is no longer part of this case, and so concerns about fairness to him are no longer implicated. As a result, the balancing of factors now more closely resembles those in <u>Camelio</u>, where the court held that the surviving state law claims should be remanded to state court, from whence they came. 137 F.3d at 672. As in <u>Camelio</u>, the federal claims that formed the basis for removal here have been dismissed "well before trial," and the remaining state law claims against Reynolds "raise substantial questions of state law that are best resolved in state court." <u>Id.</u> In light of these factors, we hold now -- as we did then -- that the surviving state law claims should be remanded to state court where they began. <u>See</u> <u>id.</u> at 672-73; <u>see also</u> <u>Rivera-Díaz</u> v. <u>Humana Ins. of P.R., Inc.</u>, 748 F.3d 387, 392 (1st Cir. 2014) ("The Supreme Court has made pellucid 'that in the usual case in which all federal-law claims are eliminated before trial, the balance of

to petition the court for per se damages).

factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" (alteration in original) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988))).

We do not reach, and so do not decide, whether the district court abused its discretion in resolving the state claims when it did.  We find only that, from our vantage point now, the issues are better resolved by the state courts, where this case began.  In the words of the Supreme Court, "'[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'"  Camelio, 137 F.3d at 672 (quoting United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966)).  This is particularly true of interpretations of state constitutions.

We affirm the dismissal of the federal claims and all claims as to Willard, with prejudice.  We vacate the dismissal of Desjardins' state law defamation and false light claims against Reynolds, and remand with instructions to remand those claims to state court.

So ordered.  No costs are awarded.