STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-15-50

JAMES M. DINEEN,

Plaintiff,

v.                                                    **ORDER**

PORT CITY
CHRYSLER-DODGE, INC.,

Defendant.

## I.     Background

Plaintiff James M. Dineen ("plaintiff") brings this action against defendant Port City Chrysler-Dodge, Inc. ("Port City"), alleging claims for breach of contract and fraud arising out of the sale of a used Buick automobile. Defendant Port City has moved to dismiss for lack of personal jurisdiction and lack of standing.

### A.     Personal Jurisdiction

Maine exercises personal jurisdiction to the maximum extent permitted by due process. *See* 14 M.R.S. § 704-A(1). Although the events giving rise to this suit arose primarily in New Hampshire, Port City is a major car dealership situated in Portsmouth, minutes from the Maine border. Port City advertises in periodicals distributed in Southern Maine and does substantial business with the residents of this state. Port City thus has sufficient contacts such that exercising personal jurisdiction comports with due process.

1

*See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The motion to dismiss on this basis is denied.

## B.  Standing and Unauthorized Practice of Law

Defendant also moves to dismiss on the basis that the named plaintiff, James Dineen, is not a party to the contract, and therefore lacks standing to bring this case. The contract for the Buick was between Port City and Patrick Bus Leasing Corp. Plaintiff signed the contract in his capacity as president of the corporation. Plaintiff opposes the motion to dismiss for lack of standing on the basis he is an assignee of the contract with authority to bring this action on behalf of the corporation. Plaintiff submits an affidavit to this effect.

Even assuming that an assignment from Patrick Bus Leasing Corp. to James Dineen is valid for standing purposes, that does not settle the matter. The true party in interest in this case is the corporation that entered the contract. An officer of a corporation is permitted to represent that corporation in legal proceeding only in certain limited circumstances: "(1) In an action cognizable as a small claim under Title 14, chapter 738 ; or (2) For the purposes of entering a plea or answer and paying the fine or penalty for a violation by that organization of Title 23, chapter 24 or Title 29-A." 4 M.R.S. § 807(3)(C)(1)-(2). Representation outside these narrow exceptions constitutes unauthorized practice of law in the State of Maine. *See id.* Neither of the foregoing exceptions apply here.

As a result, without a licensed attorney to represent Patrick Bus Leasing Corp.'s interest, the complaint and filings presently before the court are a nullity. *Land Mgmt., Inc. v. Dep't of Envtl. Prot.*, 368 A.2d 602, 604 (Me. 1977) (affirming dismissal of

complaint on the basis that notwithstanding authorization from the corporation, plaintiff was not authorized to practice law and the complaint was therefore a nullity); *see also Carey v. Indian Rock Corp.*, 2005 ME 6, ¶ 3, 863 A.2d 289.

The complaint will therefore be dismissed.


The entry shall be:

Defendant's motion to dismiss is GRANTED.


SO ORDERED.

DATE: April 26, 2016

_____
John O'Neil, Jr.
Justice, Superior Court