Majority: SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, HJELM, and HUMPHREY, JJ.
Dissent: JABAR, J.
GORMAN, J.
[¶ 1] Dana Desjardins appeals from a judgment of the Superior Court (Cumberland County, Warren, J.) dismissing his complaint against Michael Reynolds for defamation and false light invasion of privacy. Desjardins contends that the court erred by concluding that his complaint was barred by application of Maine’s anti-SLAPP (“Strategic Lawsuit Against Public Participation”) statute, 14 M.R.S. § 556 (2016). We affirm the judgment.
I. BACKGROUND
[¶ 2] In August of 2013, Desjardins, a town official for the Town of Raymond, instituted a lawsuit in the Superior Court against Michael Reynolds,[1] a Town selectman, alleging that Reynolds had made various false statements to the Cumberland County Sheriffs Office about Desjardins’s alcohol use for the purpose of humiliating and harassing Desjardins. Desjardins also alleged that as a result of those reports, Desjardins was stopped on his way to a Town meeting on January 8, 2013, by a sheriffs deputy who was investigating him for possibly operating under the influence. See 29-A M.R.S. § 2411 (2016). Desjardins asserted causes of action for defamation, negligent infliction of emotional distress, intentional infliction of emotional distress, and false light invasion of privacy, and sought damages for his “humiliation,” “emotional distress,” and “loss of reputation,” as well as punitive damages and injunctive relief. Desjardins also asserted two claims based on federal statutes—for Reynolds’s violation of 42 U.S.C.S. § 1983 (LEXIS through Pub. L. No. 115-30), and seeking attorney fees pursuant to 42 U.S.C.S. § 1988 (LEXIS through Pub. L. No. 115-30).
[¶ 3] Reynolds removed the matter to the United States District Court for the District of Maine. See 28 U.S.C.S. § 1441 (LEXIS through Pub. L. No. 115-30). The District Court (Torresen, J.) dismissed the federal claims, and Desjardins agreed to the dismissal of his claims for negligent and intentional infliction of emotional distress. Desjardins v. Willard, No. 2:13-cv-00338-NT, 2014 WL 2815698, at *1, *19, *232 2014 U.S. Dist. LEXIS 84782, at *2-3, 61-62 (D. Me. June 20, 2014). The court also granted Reynolds’s special motion to dismiss the State claims pursuant to section 666. Id. at *16-*18, *19, 2014 U.S. Dist. LEXIS 84782, at *52-57, 62.
[¶ 4] On Desjardins’s appeal, the United States Court of Appeals for the First Circuit affirmed the dismissal of Desjardins’s federal claims, but vacated the dismissal of his state law claims on section 666 grounds, concluding that those “issues are better resolved by the state courts, where this case began.” Desjardins v. Willard, 777 F.3d 43, 46 (1st Cir. 2015). Thus, when the matter was returned to the Superior Court’s jurisdiction in February of 2015, only Desjardins’s claims for defamation and false light invasion of privacy remained.
[¶ 5] Before the Superior Court, Reynolds reasserted his special motion to dismiss on anti-SLAPP grounds, with accompanying affidavits and various exhibits. Desjardins opposed the motion, submitting affidavits and exhibits of his own. By judgment dated June 29, 2015, the Superior Court (Warren, J.) granted Reynolds’s special motion to dismiss both remaining causes of action on anti-SLAPP grounds. Desjardins appeals.
II. DISCUSSION
[¶ 6] In this matter, we are called upon to consider the reaches of Maine’s anti-SLAPP statute, 14 M.R.S. § 556, which provides as follows:
§ 556. Special motion to dismiss
When a moving party asserts that the civil claims, counterclaims or cross claims against the moving party are based on the moving party’s exercise of the moving party’s right of petition under the Constitution of the United States or the Constitution of Maine, the moving party may bring a special motion to dismiss. The special motion may be advanced on the docket and receive priority over other cases when the court determines that the interests of justice so require. The court shall grant the special motion, unless the party against whom the special motion is made shows that the moving party’s exercise of its right of petition was devoid of any reasonable factual support or any arguable basis in law and that the moving party’s acts caused actual injury to the responding party. In making its determination, the court shall consider the pleading and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
The Attorney General on the Attorney General’s behalf or on behalf of any government agency or subdivision to which the moving party’s acts were directed may intervene to defend or otherwise support the moving party on the special motion.
All discovery proceedings are stayed upon the filing of the special motion under this section, except that the court, on motion and after a hearing and for good cause shown, may order that specified discovery be conducted. The stay of discovery remains in effect until notice of entry of the order ruling on the special motion.
The special motion to dismiss may be filed within 60 days of the service of the complaint or, in the court’s discretion, at any later time upon terms the court determines proper.
If the court grants a special motion to dismiss, the court may award the moving party costs and reasonable attorney’s fees, including those incurred for the special motion and any related discovery matters. This section does not affect or preclude the right of the mov- *233 mg party to any remedy otherwise authorized by law.
As used in this section, “a party’s exercise of its right of petition” means any written or oral statement made before or submitted to a legislative, executive or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive or judicial body, or any other governmental proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive or judicial body, or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition government.
Thus, Maine’s anti-SLAPP statute, like those of other jurisdictions, provides a procedure for the expedited dismissal of lawsuits that are brought not to redress a legitimate wrong suffered by the plaintiff, but instead solely for the purpose of dissuading a defendant from exercising his First Amendment right to petition the government or punishing him for doing so. See Nader v. Me. Democratic Party (Nader I), 2012 ME 57, ¶ 14, 41 A.3d 551; Morse Bros., Inc. v. Webster, 2001 ME 70, ¶ 10, 772 A.2d 842 (“The typical mischief that the anti-SLAPP legislation intended to remedy was lawsuits directed at individual citizens of modest means for speaking publicly against development projects.” (alteration omitted) (quotation marks omitted)), abrogated on other grounds by Nader v. Me. Democratic Party (Nader II), 2013 ME 51, ¶ 12 n.9, 66 A.3d 571. Such cases are filed “solely for delay and distraction, and to punish activists by imposing litigation costs on them.” Morse Bros., Inc., 2001 ME 70, ¶ 10, 772 A.2d 842 (quotation marks omitted). Moreover, because the SLAPP plaintiff’s goal is not necessarily to win in the litigation, but, through the cost of litigation, to punish or deter petitioning activity, “defendants’ traditional safeguards against meritless actions, (suits for malicious prosecution and abuse of process, requests for sanctions) are inadequate to counter SLAPPs.” Id. (quotation marks omitted).
[¶ 7] To further the goals of the statute, section 556 allows the moving party to file a special motion to dismiss that may be given priority on the docket as the interests of justice require. 14 M.R.S. § 556; Morse Bros., Inc., 2001 ME 70, ¶ 10, 772 A.2d 842. In another case issued this month, Gaudette v. Davis, 2017 ME 86, ¶¶ 18-22, 160 A.3d 1190, we established some additional procedural steps for the trial court to undertake to decide special motions to dismiss filed on anti-SLAPP grounds. Notwithstanding those new procedural elements for which Gaudette provides, the analysis of a special motion to dismiss in Gaudette begins with the same requirements as those set out in our prior anti-SLAPP decisions. Id. ¶¶ 16 -17.
[¶ 8] As we have consistently stated, section 556 imposes a burden-shifting procedure between the moving and nonmoving parties. E.g., id. ¶¶ 8-9; Camden Nat'l Bank v. Weintraub, 2016 ME 101, ¶ 8, 143 A.3d 788; Schelling v. Lindell, 2008 ME 59, ¶ 7, 942 A.2d 1226; Morse Bros., Inc., 2001 ME 70, ¶¶ 19-20, 772 A2d 842. First, in a motion with accompanying affidavits, the moving party (usually the defendant[2]) must demonstrate, as a matter of law, that the anti- *234 SLAPP statute applies to the conduct that is the subject of the plaintiffs complaint by establishing that “the suit was based on some activity that would qualify as an exercise of the defendant’s First Amendment right to petition the government.” Schelling, 2008 ME 59, ¶ 7, 942 A.2d 1226; see Gaudette, 2017 ME 86, ¶ 16, 160 A.3d 1190. If the defendant fails to meet his initial burden, the special motion to dismiss must be denied. Gaudette, 2017 ME 86, ¶ 16, 160 A.3d 1190; Nader I, 2012 ME 57, ¶ 15, 41 A.3d 551; see Schelling, 2008 ME 59, ¶ 7, 942 A.2d 1226.
[¶ 9] If the defendant satisfies this initial burden, the burden then shifts to the nonmoving party (usually the plaintiff) to offer prima facie evidence that the de■fendant’s exercise of his right to petition (1) was “devoid of any reasonable factual support or any arguable basis in law” and (2) caused “actual injury” to the plaintiff. 14 M.R.S. § 556; see Gaudette, 2017 ME 86, ¶ 17, 160 A.3d 1190; Nader I, 2012 ME 57, ¶ 33, 41 A.3d 551. If the plaintiff fails to meet this prima facie burden for all of the petitioning activities at issue—“either by the absence of the minimum amount of evidence on either element or based on some other legal insufficiency”—the special motion must be granted and the case dismissed. Gaudette, 2017 ME 86, ¶ 17, 160 A.3d 1190; see Nader I, 2012 ME 57, ¶ 37, 41 A.3d 551.
[¶ 10] If the plaintiff meets his pri-ma facie burden of establishing that any one or more of the petitioning activities at issue lacks factual or legal support and caused the plaintiff actual injury, the parties may avail themselves of an additional procedural mechanism according to the new procedure set out in Gaudette. 2017 ME 86, ¶¶ 18-21, 160 A.3d 1190. That mechanism provides for limited discovery and an evidentiary hearing at which the plaintiff must prove that those petitioning activities for which the prima facie burden was met are devoid of factual or legal support and caused actual injury, this time by a preponderance of the evidence. Id.
[¶ 11] Here, there can be no legitimate argument but that Reynolds’s statements to the sheriffs office regarding Desjardins’s alleged history of arriving at Town meetings—and having driven his vehicle to those meetings—while under the influence of alcohol qualify as petitioning activity.[3] See Schelling, 2008 ME 59, ¶ 11, 942 A.2d 1226. In addition, Reynolds has not challenged the Superior Court’s conclusion that Desjardins met his prima facie burden of establishing that at least one of Reynolds’s statements to the sheriff was devoid of any factual or legal support. See id. ¶ 7. Therefore, we limit our review to the issue of whether Desjardins established, on a prima facie basis, that Reynolds’s petitioning actions caused Desjardins “actual injury.” See id.
[¶ 12] The meaning of “actual in-jur/’ pursuant to section 556 is a question of law we review de novo. Id. ¶ 17. To interpret section 556 in a manner that gives effect to the Legislature’s intent, we look first to the plain language of the provision. MaineToday Media, Inc. v. State, 2013 ME 100, ¶ 6, 82 A.3d 104. If that language is unambiguous, we interpret it according to its unambiguous meaning. Id. If the language of the statute is ambiguous, i.e., reasonably susceptible to multiple interpretations, we look beyond the plain language of the provision to consider other indicia of legislative intent, in- *235 eluding the legislative history underlying its enactment. Id.
[¶ 13] Unlike other terms in the statute, “actual injury” is not defined in section 556. Indeed, although we often look to other statutory provisions for clues as to the meaning of particular phrase, section 556 marks the single occurrence of the phrase “actual injury” in the current Maine Revised Statutes.
[¶ 14] We have, however, had multiple occasions to address its meaning in our prior decisions. In those decisions, we have emphasized that “actual injury” requires a “reasonably certain monetary valuation of the injury” suffered by the plaintiff. Schelling, 2008 ME 59, ¶ 17, 942 A.2d 1226; see Nader I, 2012 ME 57, ¶ 38, 41 A.3d 551 (explaining that “[a]ctual injury could include ... quantifiable losses of money or other resources or identifiable special damages”); Maietta Constr., Inc. v. Wainwright, 2004 ME 53, ¶ 10, 847 A.2d 1169 (requiring “evidence from which damage in a definite amount may be determined with reasonable certainty” (quotation marks omitted)). The requirement of reasonable certainty also precludes the establishment of “actual injury” when the plaintiff asserts only presumed damages (“damages per se”), as is associated with common law causes of action for libel or slander. Schelling, 2008 ME 59, ¶¶ 18-19, 942 A.2d 1226; see Maietta Constr., Inc., 2004 ME 53, ¶ 10, 847 A.2d 1169.
[¶ 15] In his opposition to Reynolds’s motion to dismiss, Desjardins states that he suffered two forms of harm as a result of Reynolds’s actions. First, Desjar-dins attested that he was stopped by the sheriffs deputy on one occasion “without cause and [was] not allowed to go about his normal activities for a time,” was “humiliated and embarrassed at that time,” and “suffered great emotional distress ... when he learned that he had been red flagged [by the sheriffs office] for something that was totally contrived.” The second form of harm Desjardins suggests he suffered in his opposition to the special motion to dismiss is an expenditure of $500 he alleges he paid an attorney after he was stopped, whom he hired to investigate the source of the reports to the sheriffs office.
[¶ 16] As a matter of law, these asserted harms do not rise to the level of “actual injury” required by section 556. In the lengthy recitation of the underlying facts comprising his complaint, Desjardins briefly mentioned that he retained counsel to investigate .the reports. His complaint never purported to seek damages for that cost, however, or to otherwise suggest that his retention of counsel constituted any aspect of the damages he was seeking in the litigation; rather, as to his defamation and false light invasion of privacy causes of action remaining before the court, Desjar-dins alleged only that Reynolds’s statements constituted defamation per se; that he suffered “humiliation, loss of reputation and severe emotional distress” and “serious emotional distress”; and that he was entitled to punitive damages for Reynolds’s actual or implied malice.
[¶ 17] Our notice pleading requirements are forgiving; the plaintiff need only give “fair notice of the cause of action by providing a short and plain statement of the claim showing that the pleader is entitled to relief.” Burns v. Architectural Doors & Windows, 2011 ME 61, ¶¶ 16, 21, 19 A.3d 823 (citation omitted) (quotation marks omitted); see M.R. Civ. P. 8(a)(1). The special motion to dismiss procedure in anti-SLAPP matters is, in contrast, a more precise mechanism. See Burns, 2011 ME 61, ¶ 21, 19 A.3d 823 (noting that the notice pleading requirements do not, in any event, allow a party to “shift his cause of action at any point in *236 the proceedings”). The purpose of section 556 is to provide for expedited consideration of the nature of a plaintiffs allegations—and a minimum amount of evidence supporting the veracity of those allegations—-as early in the litigation as possible, before discovery or any other motion practice. See 14 M.R.S. § 556 (requiring that “[a]ll discovery proceedings are stayed upon the filing of the special motion under this section”); Bradbury v. City of Eastport, 2013 ME 72, ¶ 18, 72 A.3d 512. In this way, a defendant burdened by a SLAPP case can seek early disposal of the litigation, before the substantial legal fees that are the true impetus behind SLAPP litigation can accrue.
[¶ 18] Although this process may appear abrupt, it provides protection for a citizen’s fundamental right to petition the government, a right that the Legislature has given priority by enacting the anti-SLAPP statute. See Bradbury, 2013 ME 72, ¶¶ 9-10, 72 A.3d 512; Morse Bros., Inc., 2001 ME 70, ¶ 10, 772 A.2d 842. The Legislature has chosen to protect petitioning activity by broadly defining a “party’s exercise of its right of petition” and by creating a procedure for the prompt dismissal of lawsuits that challenge any actions that fall within that broad definition of petitioning activity. 14 M.R.S. § 556.
[¶ 19] In this context, both parties must be limited in them anti-SLAPP filings to the universe of facts as actually alleged in the plaintiffs complaint.[4] By alleging a new form of harm for the first time solely in response to the special motion to dismiss, Desjardins has attempted to thwart the purpose of the anti-SLAPP statute by expanding the scope of the litigation that Reynolds must defend against. Because Desjardins’s pre-litigation investigation expenditure constitutes no part of his request for damages in his complaint, we reject that cost as an “actual injury” within the meaning of section 556 at the special motion to dismiss stage.[5] Cf. Nader II, 2013 ME 51, ¶ 20, 66 A.3d 571 (observing that, although the plaintiff referenced relevant evidence in his complaint, his failure to provide that evidence in his opposition to a special motion to dismiss pursuant to section 556 precluded the court from determining that the plaintiff met his prima facie burden).
[¶ 20] Nor did Desjardins meet his burden of establishing actual injury through his various assertions of emotional damages, although these do at least correspond with the allegations in his complaint. In Schelling, we held that “purely emotional injuries” could only constitute “actual injury” to the extent that those emotional damages were otherwise compensable pursuant to existing statutory or common law. 2008 ME 59, ¶ 20, 942 A.2d 1226. Because the common law provides that “emotional distress alone is not compensable unless it is ‘so severe that no reasonable person could be expected to endure it,’” “actual injury” based on emotional distress pursuant to section 556 cannot be established by anything less as a matter of law. Id. ¶ 25 (quoting Curtis v. Porter, 2001 ME 158, ¶ 10, 784 A.2d 18). Thus, “loss of sleep, mental suffering, ... embarrassment, ... [distress, irritation, and emotional upset” are not “legally sufficient” to constitute “actual injury,” nor are “minor emotional *237 injuries, such as hurt feelings.” Id. ¶¶ 18, 25-26.
[¶21] Consistent with these decisions, Desjardins suffered no “actual injury” by the inconvenience of being the subject of a routine traffic stop, nor do his filings contain any evidence that the emotional distress he has suffered is “so severe that no reasonable person could be expected to endure it.” Curtis, 2001 ME 158, ¶ 10, 784 A.2d 18 (alteration omitted) (quotation marks omitted); see, e.g., Lougee Conservancy v. CitiMortgage, Inc., 2012 ME 103, ¶¶4-8, 26, 48 A.3d 774 (concluding that the emotional harm suffered by property owners whose property was inadvertently secured in foreclosure did not amount to compensable emotional distress damages); Lyman v. Huber, 2010 ME 139, ¶¶ 23-26, 10 A.3d 707 (discussing that emotional distress that meets this standard is often characterized by “objective symptoms demonstrating shock, illness, or other bodily harm,” and concluding that the emotional harm suffered by a woman during a fifteen-year emotionally abusive marriage was not so severe that a reasonable person could not be expected to endure it). In the absence of any showing of such “actual injury,” Desjardins failed, as a matter of law, to meet his prima facie burden in opposing Reynolds’s special motion to dismiss pursuant to section 556, and the Superior Court correctly dismissed the remaining claims. Moreover, because we conclude that Desjardins did not meet his prima facie burden as a matter of law according to the standard first articulated in Nader I and reiterated in Gaudette, we need not remand the matter for the Superior Court to apply the additional procedures articulated in Gaudette, which apply only if a plaintiff has met his prima facie burden. See Gaudette, 2017 ME 86, ¶ 17, 160 A.3d 1190; Nader I, 2012 ME 57, ¶¶ 16, 29-38, 41 A.3d 551.
The entry is:
Judgment affirmed.

. Desjardins also named Donald Willard, the Town Manager, as a defendant on all counts. The claims against Willard were dismissed by the United States District Court for the District of Maine, see Desjardins v. Willard, No. 2:13-cv-00338-NT, 2014 WL 2815698 at *19, 2014 U.S. Dist. LEXIS 84782, at *62 (D. Me. June 20, 2014), aff'd in part and vacated in part, 777 F.3d 43 (1st Cir. 2015), and are not at issue in this appeal.

. Because it is so often the case, we will use "defendant” in place of "the moving party” and “plaintiff” in place of "the nonmoving party.”

. To the extent that Desjardins also points to Reynolds’s statements to nongovernmental third parties, Desjardins did not allege any such statements as the basis of any of his claims in this matter and any such facts are therefore not before us in this appeal.

. At no time did Desjardins seek to amend his complaint. See M.R. Civ. P. 15.

. Because we conclude that Desjardins's failure to conform his special motion to dismiss opposition to the allegations pleaded in his complaint prevents him from meeting his burden, we need not consider whether such self-generated damages otherwise can satisfy the “actual injury” component of an anti-SLAPP opposition. 14 M.R.S. § 556 (2016).