STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-327

CUMBERLAND COUNTY
SHERIFF'S OFFICE,

Plaintiff

v.

MAINE AMMO COMPANY
and ELIAS BASSILE,

Defendants

ORDER ON MOTIONS TO DISMISS

Defendants Maine Ammo Company and Elias Bassile have filed two Motions to Dismiss, the first filed October 19, 2020, and the second filed October 20, 2020. Although it is not clear from the motions themselves what rule or law the motions are pursuant to, the court will view them both as motions to dismiss for failure to state a claim pursuant to Rule 12(b) of the Maine Rules of Civil Procedure.

When ruling on a motion to dismiss for failure to state a claim pursuant to M.R. Civ. P. 12(b)(6), the court views the "facts alleged in the complaint as if they were admitted." *Nadeau v. Frydrych*, 2014 ME 154, ¶ 5, 108 A.3d 1254 (*per curiam*) (quotation marks omitted). A complaint must set forth the "elements of a cause of action or allege[] facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* Facts are read in the light most favorable to the plaintiff. *Id.* "Dismissal is warranted only when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that might be proved in support of the claim." *Halco v. Davey*, 2007 ME 48, ¶ 6, 919 A.2d 626 (quotation marks omitted). On the other hand, "a party may not . . .

REC'D CMB CLERK
DEC 15 '20 PM 1 11

proceed on a cause of action if that party's complaint has failed to allege facts that, if proved, would satisfy the elements of the cause of action." *Burns v. Architectural Doors and Windows*, 2011 ME 61, ¶ 17, 19 A.3d 823.

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." M.R. Civ. P. 8(a). "Notice pleading requirements are forgiving; the plaintiff need only give fair notice of the cause of action by providing a short and plain statement of the claim showing that the pleader is entitled to relief." *Desjardins v. Reynolds*, 2017 ME 99, ¶ 17, 162 A.3d 228 (quotation marks omitted).

Upon reviewing Plaintiff's complaint, and for the purposes of this motion accepting the allegations therein as true, the complaint clearly sets forth cognizable claims against Maine Ammo Company, and also against Elias Bassile on a piercing the corporate veil theory. Defendants challenges to jurisdiction or venue are also without merit, the Sheriff's Office being located in Cumberland County. The court also notes the Defendants' motions are untimely. Both motions must be denied.[1]

The entry is

> Defendants Maine Ammo Company and Elias Bassile's Motions to Dismiss Plaintiff's Complaint filed October 19, 2020 and October 20, 2020 are Denied.
>
> The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: Dec. 15, 2020

_____
Harold Stewart, II

---

[1] As discussed at the Discovery Dispute Conference held December 15, 2020, and as ordered in the Conference Record of the same date, the piercing the corporate veil claim against Elias Bassile is bifurcated from the claims against Maine Ammo Company, and will be addressed, if necessary, if liability is established against Maine Ammo Company

CUMBERLAND COUNTY
SHERIFF'S OFFICE,

    Plaintiff,

    v.

MAINE AMMO COMPANY and
ELIAS BASSILE,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

ORDER ON PLAINTIFF'S
MOTION TO DISMISS
COUNTERCLAIM

REC'D CUMB CLERKS OF(
FEB 28 '20 AM9:18

Before the Court is Plaintiff Cumberland County Sheriff's Office's Motion to Dismiss Defendants Maine Ammo Company and Elias Bassile's Counterclaim pursuant to M.R. Civ. P. 12(b)(6). For the following reasons, Plaintiff's Motion is granted.

## I. Background

On August 13, 2019, Cumberland County Sheriff's Office (the "Sheriff's Office") filed a five-count complaint against Maine Ammo Company ("MAC") and its owner and principle, Elias Bassile ("Mr. Bassile").[1] The Complaint alleges that MAC refused to reimburse the Sheriff's Office for defective ammo it purchased from MAC and, separately, that MAC refused to return a payment that was inadvertently made by the Sheriff's Office for ammo that it did not order or receive. (Pl.'s Compl. ¶¶ 8-9.)

On October 23, 2019, Defendants filed a counterclaim against Plaintiff, which was signed by Mr. Bassile as "Representative for Maine Ammo Company and Elias Bassile." (See Def.s' Countercl.) Mr. Bassile is appearing pro se on behalf of himself, and as a representative of MAC. The Counterclaim does not assign a title to the theories. Rather,

---

[1] The Complaint contains the following counts: (Count I) Breach of Contract; (Count II) Conversion; (Count III) Breach of Implied Warranty under 11 M.R.S. § 2-314; (Count IV) Breach of Implied Warranty under 11 M.R.S. § 2-315; and (Count V) Punitive Damages.

For Plaintiff:
Robert Bower, Esq. & Michael Devine, Esq.

Defendant(s): Pro-Se Litigants

Defendants allege that Plaintiff tested the ammunition it purchased from MAC without notice to MAC or inviting MAC to attend. (Def.s' Countercl. ¶¶ 15, 17.) Defendants allege that Plaintiff is not capable of testing ammunition and that the testing "destroyed evidence and altered findings." (Def.s' Countercl. ¶ 16.) Defendants further allege that the Complaint was motivated by malice, and designed to cause MAC to use up its assets. (Def.s' Countercl. ¶¶ 19-20.) The Counterclaim contends that Plaintiff's Complaint is "causing damage to MAC's law enforcement business," and "[a]s a consequence Maine Ammo Company has suffered damages." (Def.s' Countercl. ¶¶ 18, 21.)

Plaintiff moves for dismissal on the grounds that Mr. Bassile has engaged in unauthorized practice of law by representing MAC and filing a counterclaim on its behalf. (Mot. Dismiss 2.) In the alternative, Plaintiff argues that the Counterclaim, which Plaintiff's claim can best be interpreted as a claim for malicious prosecution,[2] may not be brought until after the underlying proceeding has ended. (Mot. Dismiss 3.)

## II. Standard of Review

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the counterclaim. *State v. Weinschenk*, 2005 ME 28, ¶ 10, 868 A.2d 200. The court "examine[s] the [counterclaim] in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83. The court accepts as true the material allegations in the counterclaim. *Id.* The counterclaim will be dismissed "only when it appears beyond a doubt that a plaintiff

---

[2] In civil actions, malicious prosecution is more appropriately termed "wrongful use of civil proceedings." *Pepperell Trust Co. v. Mountain Heir Fin. Corp.*, 1998 ME 46, ¶ 16, 708 A.2d 651.

is entitled to no relief under any set of facts that he might prove in support of his claim." *Heber v. Lucerne-in-Maine Village Corp.*, 2000 ME 137, ¶ 7, 755 A.2d 1064.

## III.  Discussion

As a threshold matter, the Counterclaim does not allege that Mr. Bassile has suffered damages, or otherwise set forth "a short and concise statement of the claim showing that the pleader is entitled to relief" in his personal capacity. (M.R. Civ. P. 8(a); *see* Def.s' Countercl. ¶¶ 15-21.) To the extent the Counterclaim does show MAC is entitled to relief under some legal theory, Mr. Bassile is not a party to the Counterclaim.[3]

Pursuant to 4 M.R.S. § 807(1), "[n]o person may practice law or profess to practice law within the State or before its courts, or demand or receive any remuneration for those services rendered in this State, unless that person has been admitted to the bar of this State . . . ." Section 807 does however contain the following exception:

> For purposes of defending a civil action filed against a corporation, an officer of the corporation if the corporation is organized in this State and has 5 or fewer shareholders.

4 M.R.S. § 807(3)(J) (2019).  Mr. Bassile filed with the Secretary of State, Articles of Incorporation, listing "Maine Ammo Company" as the name of the corporation.[4] (Pl.s' Ex. B.)  Regardless of whether MAC has five or fewer shareholders, the Law Court has explained that "[a] counterclaim is a separate claim for relief, and thus a corporation must

---

[3] The Counterclaim states: "NOW COME Maine Ammo Company and Elias Bassile counterclaims against the Plaintiff."

[4] "Official public documents, documents that are central to a plaintiff's claim, and documents referred to in the complaint, may be properly considered on a motion to dismiss without converting the motion to one for a summary judgment when the authenticity of such documents is not challenged." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 8, 843 A.2d 43.

retain counsel in order to assert a counterclaim."[5] *Carey v. Indian Rock Corp.*, 2005 ME 6, ¶ 3, 863 A.2d 289. Without a licensed attorney to represent MAC, the Counterclaim presently before the Court is null.[6] *See Haynes v. Jackson*, 2000 ME 11, ¶ 15, 744 A.2d 1050.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Dismiss Defendants' Counterclaim is GRANTED. Defendants' Counterclaim is hereby DISMISSED without prejudice.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 2/26/2020

Mary Gay Kennedy, Justice
Maine Superior Court

---

[5] The Law Court held that part of "defending" a corporation pursuant to Section 807(3)(J), does not include the authority to file a counterclaim. *Carey*, 2005 ME 6, ¶ 3, 863 A.2d 289.

[6] Alternatively, Defendants' Counterclaim could be dismissed because, examining the Counterclaim in the light most favorable to Defendants, it fails to set forth elements of a cause of action or state facts that could entitle Defendants to relief under some legal theory. *Bean v. Cummings*, 2008 ME 18, ¶ 7, 939 A.2d 676.