STATE OF MAINE                                    BUSINESS & CONSUMER COURT
CUMBERLAND, ss.                                   DOCKET NO. BCD-CIV-2021-00043


FRANK BATHE and                    )
BARBARA BATHE,                     )
                                   )
                Plaintiffs,        )
        v.                         )          ORDER GRANTING KEYBANK'S
                                   )          MOTION TO DISMISS
KEYBANK N.A.,                      )
                                   )
                Defendant.         )


On June 11, 2021, Plaintiffs Frank and Barbara Bathe ("Plaintiffs") filed a five-count[1] complaint against Defendant KeyBank, N.A ("KeyBank") alleging an unknown third party opened an account with KeyBank in September 2020 under Frank Bathe's name using a fake address. In the Complaint, Plaintiffs further allege KeyBank sent documents containing their personal information to the fake address and put them at risk for their information being used by the unknown third party.

KeyBank filed a Motion to Dismiss for failure to state a claim under M.R. Civ. P. 12(b)(6) on July 9, 2021. On August 9, 2021, Plaintiffs filed an Opposition to the Motion to Dismiss and a Motion to Amend the Complaint. The Court denied the Motion to Amend on September 29, 2021. The Court now addresses KeyBank's Motion to Dismiss (the "Motion").

For the following reasons, the Motion is GRANTED.

---

[1] The Complaint alleges the following counts: Negligence (for allowing the Ocean Avenue account to be opened) (Count I), Negligence (for mailing personal information to the wrong address) (Count II); Breach of Fiduciary Duty (Count III); Negligent Infliction of Emotional Distress (Count IV); and Punitive Damages (Count V).

1

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), courts "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.* Although Maine's notice pleading requirements are forgiving, *Desjardins v. Reynolds*, 2017 Me 99, ¶ 17, 162 A.3d 228, conclusory statements, even if factually true, are legally deficient to ward off dismissal if a plaintiff fails to allege sufficient facts. *Carey v. Bd. of Overseers of Bar*, 2018 ME 119, ¶ 23, 192 A.3d 589, as corrected (October 11, 2018). Further, a court is not bound to accept legal conclusions. *Id.* A complaint must allege facts sufficient to demonstrate that a plaintiff has been injured in a legally cognizable way. *America v. Sunspray Condo. Ass'n*, 2013 ME 19, ¶ 20, 61 A.3d 1249 (quoting *Burns v. Architectural Doors & Windows*, 2011 ME 61, ¶ 17, 19 A.3d 823).

## FACTS

Plaintiffs are individuals residing in the Town of Scarborough, Maine. (Pl.'s Compl. ¶ 1.) KeyBank is a FDIC insured financial institution licensed in the State of Maine with its principal place of business in Portland, Maine. (Pl.'s Compl. ¶ 2.)

Plaintiffs have been customers of KeyBank and have had the same account for over 30 years. (Pl.'s Compl. ¶3.)

On or about September 22, 2020, a fraudulent Key Smart Checking account, ending in 3267, was created and set up online under the name of Plaintiff Frank Bathe at the address of 26 Ocean Avenue, Scarborough, Maine using a sewer bill (the "Ocean Avenue Account"). (Pl.'s Compl. ¶¶ 4, 6, 20.) No money was deposited in the account when it was set up. (Pl.'s Compl. ¶ 6.) Plaintiffs have never lived at and have no knowledge of 26 Ocean Avenue. (Pl.'s Compl. ¶5.)

Plaintiffs met with KeyBank on November 17, 2020 to discuss an investment opportunity and refinancing their home, which has always been their mailing address. (Pl.'s Compl. ¶ 8.) KeyBank did not notify Plaintiffs of the Ocean Avenue Account at the November 17 meeting. *Id.*

Plaintiffs met with KeyBank again in late November 2020 to discuss refinancing their home, at which time the Plaintiffs provided social security numbers, tax information, credit card information, and other personal and protected information for review at KeyBank's request. (Pl.'s Compl. ¶ 9.) Shortly thereafter, KeyBank prepared a refinancing package for Plaintiffs that included all of Plaintiffs' personal financial documents, birth dates, social security numbers, and tax information. (Pl.'s Compl. ¶ 10.) On December 3, 2020, KeyBank mailed the refinancing package to the Ocean Avenue Account address as opposed to Plaintiffs' home address. (Pl.'s Compl. ¶ 13.) KeyBank notified Plaintiff on or about December 3, 2020 via voicemail of the error after a failed attempt to locate and recover the

3

package at the Ocean Avenue address. (Pl.'s Compl. ¶¶ 5, 7, 13-14.) KeyBank made direct contact with Plaintiffs on December 5, 2020. (Pl.'s Compl. ¶ 14.) KeyBank provided Plaintiffs with identity theft information and advised them to go to the police, which they did. (Pl.'s Compl. ¶ 15.) In March of 2021, KeyBank sent a letter to Plaintiffs that erroneously stated that Plaintiffs reported the "fraudulent account." (Pl.'s Compl. ¶ 16.)

Plaintiffs live in constant fear of the loss of their creditworthiness, loss of their lifelong investments and earnings, loss of their financial security, loss of their reputations, and suffer daily from emotional and psychological distress. *Id*. Plaintiffs awake everyday wondering which of their accounts will be accessed by a criminal who could bankrupt them, which is extremely traumatizing to them as they are both in their retirement years. (Pl.'s Compl. ¶ 32.) Due to the emotional distress of wondering about their financial future, Plaintiffs have sought professional help. (Pl.'s Compl. ¶ 33.) Plaintiffs however do not allege that anyone has used, or has attempted to use, their personal information in any unauthorized way since KeyBank mailed their information to the Ocean Avenue address. Plaintiffs have also not alleged any financial harm, other than medical bills for the emotional distress help.

## DISCUSSION

KeyBank moves to dismiss the action on the following grounds: Plaintiffs' negligence and fiduciary duty claims fail because the alleged injuries are premised exclusively on the potential for future damages or injury, which is not an actual, cognizable harm under Maine law; Plaintiffs' breach of fiduciary duty and NEID

4

claims fails as a matter of law because they have not alleged a "confidential" or "special" relationship with KeyBank; and finally, Plaintiffs' punitive damages claim fails because none of Plaintiffs' tort claims survive. The Court addresses these arguments in turn.

## I.     Counts I, II, and III Must be Dismissed for Failure to Allege Legally Cognizable Injury Under Maine Law

Legally cognizable, actual injury is a necessary element of negligence (Counts I and II), breach of fiduciary duty (Count II), and negligent infliction of emotional distress (Count III). *See Bell ex rel. Bell v. Dawson*, 2013 ME 108, ¶ 17, 82 A.3d 827 (negligence); *Gonzales v. Sweetser*, BCD-CV-2020-21, 2020 WL 6596389, at *7 n.8 (Me. B.C.D. Oct. 13, 2020, *Duddy, J.*) (citing *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 2010 ME 93, ¶ 16, 4 A.3d 492) (breach of fiduciary duty); *Desjardins v. Reynolds*, 2017 ME 99, ¶ 20, 162 A.3d 228 (citing *Schelling v. Lindell*, 2008 ME 59, 942 A.2d 1226 and *Curtis v. Porter*, 2001 ME 158, 784 A.2d 18) (negligent infliction of emotional distress).

"Damages must be grounded on established positive facts or on evidence from which their existence and amount may be determined to a probability." *Michaud v. Steckino*, 390 A.2d 524, 530 (Me. 1978).  In Maine, damages are not recoverable when uncertain, contingent, or speculative.  *Id.; Wood v. Bell*, 2006 ME 98, ¶ 21, 902 A.2d 843; *Snow v. Villacci*, 2000 ME 127, ¶ 13, 754 A.2d 360; *Gottesman & Co. v. Portland Terminal Co.*, 27 A.2d 394, 395 (Me. 1942).   Exposure of sensitive personal information on its own is not a legally cognizable harm without a manifestation of a

concrete, present or past, non-speculative injury stemming from the exposure. *See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 2010 ME 93 (the exposure of financial and personal information during a data hack did not constitute a legally cognizable harm); *Gonzales v. Sweetser*, BCD-CV-2020-21, 2020 WL 6596389, (Me. B.C.D. Oct. 13, 2020, *Duddy, J.*) (the exposure of sensitive data after phishing attack that may have put the plaintiffs at an increased risk of future harm did not constitute a legally cognizable harm); *Chabot v. Spectrum Healthcare Partners, P.A.*, No. BCD-CV-2020-18, 2021 WL 659565, (Me. B.C.D. Jan. 14, 2021, *Duddy, J.*); *see also Bernier v. Raymark Industries, Inc.*, 516 A.2d 534, 543 (Me. 1986) (exposure to asbestos is not itself actual injury; a judicially cognizable injury does not occur until there has been a manifestation of physical injury to a person resulting from the exposure); *Michaud*, 390 at 530 ("a mere possibility" of future pain or suffering or some later injury not sufficient to warrant damages).

"Purely emotional injuries" only constitute "actual injury" to the extent that those emotional damages are compensable pursuant to existing statutory or common law. *Desjardins*, 2017 ME 99, ¶ 20, 162 A.3d 228. Emotional distress alone, absent some financial, physical or property damage, is insufficient to sustain claims for negligence or breach of fiduciary duty. *Curtis*, 2001 ME 158, ¶ 19, 784 A.2d 18; *Bryan R. v. Watchtower Bible & Tract Soc. Of N.Y. Inc.,* 1999 ME 144, ¶ 12, 738 A.2d 839; *Gonzales*, 2020 WL 6596389, at *4. The fact that Plaintiffs have incurred medical bills to treat their emotional distress does not otherwise save their claims of negligence and breach of fiduciary duty, since the underlying emotional distress does

not constitute the actual injury necessary to support those claims. Accordingly, Counts I, II, and III must be dismissed.

## II.     Count IV Must be Dismissed Because There is no Special Relationship.

In some circumstances, emotional distress alone can provide the basis for a negligent infliction of emotional distress claim, if the emotional distress is so severe that no reasonable person could be expected to endure it. *Desjardins*, 2017 ME 99, ¶ 20, 162 A.3d 228 (citing *Schelling*, 2008 ME 59, ¶ 20, 942 A.2d 1226 and *Curtis*, 2001 ME 158, ¶ 10, 784 A.2d 18, 23.) However, a negligent infliction claim is generally limited to two scenarios: (1) bystander liability and (2) circumstances where a "special relationship" is present between the parties. *Curtis*, 2001 ME 158, ¶ 19, 784 A.2d 18; *Oceanic Inn*, 2016 ME 34, ¶ 23, 133 A.3d 1021. On the facts of this case the bystander prong does not apply. The question is whether the "special relationship" prong applies. For the reasons discussed below, it does not.

There are a very limited number of relationships that have been recognized as special relationships under Maine law: (1) common carriers and passengers; (2) innkeepers and guests; (3) owners of land and their invitees; (4) those who take physical custody of another; and (5) a fiduciary relationship where there is a "great disparity of position and influence." *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶¶ 18-19, 970 A.2d 310. Of the relationships identified, only the fiduciary relationship potentially applies to this case. But the Complaint does not allege any great disparity in position and influence between Plaintiffs and KeyBank. Plaintiffs also fail to allege any diminished emotional or physical capacity, or a letting down of their guard. *See*

7

*Stewart v. Machias Sav. Bank,* 2000 ME 207, ¶ 11, 762 A.2d 44; *Diversified Foods, Inc.*, 605 A.2d at 615. Without these indicia, banking relationships, borrower-lender relationships, mortgagor-mortgagee relationships, and arms-length business relationships do not rise to the level of fiduciary relationships. *See Oceanic Inn, Inc.*, 2016 ME 34, ¶¶ 18-21, 133 A.3d 1021; *Ramsey v. Baxter Title Co.*, 2012 ME 113, ¶¶ 6, 10, 54 A.3d 710.

Plaintiffs nevertheless contend that they satisfy the special relationship prong of the negligent infliction analysis, because of the operation of 9-B M.R.S. § 162 (2020).[2] According to Section 162, a financial institution is prohibited from the unauthorized disclosure of any financial records relating to the customer of that financial institution. *Id.* In its Order denying Plaintiffs Motion to Amend, the Court has already determined that Section 162 does not create a private right of action.[3] *Bathe v. KeyBank, N.A.*, Order Denying Motion to Amend, September 29, 2021. Further, nothing in Section 162 creates the kind of special relationship that supports a claim for negligent infliction of emotional distress. Accordingly, Plaintiffs negligent infliction claim fails, and Count IV must be dismissed.

---

[2] Plaintiffs also argue that the "FINRA requirements", create a fiduciary relationship between them and KeyBank. FINRA, (2021). The FINRA rules apply to certain business activities such as investment banking and the securities business. *Morgan Keegan & Co. v. Silverman*, 706 F.3d 562, 566 (4th Cir. 2013). Here, although Plaintiffs initially met with KeyBank in part to discuss an investment opportunity, the package of information KeyBank sent to the wrong address was solely related to Plaintiffs' request to refinance their home. Plaintiffs have not demonstrated any basis to apply the FINRA rules to the facts of this case, or how, even if the FINRA rules apply, they create a fiduciary relationship.

[3] The Court also rejects Plaintiffs' argument that the mere violation of Section 162 creates a claim akin to a HIPAA claim.

### III. Count V Must be Dismissed Because no Tort Claims Survive.

In Count V of their Complaint, Plaintiffs seek punitive damages. Punitive damages are only available when there is an underlying tort. *See Wuestenberg v. Rancourt*, 2020 ME 25, ¶ 19 n.3, 226 A.3d 227 (citing *Tuttle v. Raymond*, 494 A.2d 1353, 1361 (Me. 1985)). Due to the dismissals of Counts I through IV, there is no underlying tort to support the request for punitive damages. Accordingly, Count V must be dismissed.

### CONCLUSION

For the foregoing reasons, KeyBank's Motion to Dismiss is GRANTED. Counts I, II, III, IV and V are all dismissed with prejudice.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

So Ordered.

Dated: **11/23/2021**

Michael A. Duddy
Judge, Business and Consumer Court

Entered on the docket: 11/23/2021

9

FRANK BATHE and )
BARBARA BATHE, )
                      )
         Plaintiffs, )        ORDER DENYING PLAINTIFFS'
    v. )        MOTION TO AMEND
                      )
KEYBANK N.A., )
                      )
        Defendant. )
                      )

On June 11, 2021, Plaintiffs Frank and Barbara Bathe ("Plaintiffs") filed a complaint against Defendant KeyBank, N.A ("KeyBank") alleging an unknown third party opened an account with KeyBank in September 2020 under Frank Bathe's name using a fake address. In the complaint, Plaintiffs further allege KeyBank sent documents containing their personal information to the fake address and put them at risk for their information being used by the unknown third party.

KeyBank filed a Motion to Dismiss the Complaint on July 9, 2021 on the grounds that Plaintiffs have failed to state a claim. One August 9, 2021, Plaintiffs filed a Motion to Amend (the "Motion") the Complaint along with their Opposition to the Motion to Dismiss. In the Motion, Plaintiffs request leave to amend the Complaint to assert a new claim under 9-B M.R.S. § 162, Disclosure of Financial Records Prohibited. KeyBank filed an Opposition to the Motion on the grounds that Section 162 does not provide a private right of action so the claim would be subject to dismissal rendering the amendment futile.

For the reasons set forth below, the Court agrees the amendment would be futile and denies Plaintiffs' Motion.

1

## STANDARD OF REVIEW

Courts may deny motions to amend based on one or more of the following grounds: undue delay, bad faith, undue prejudice, or futility of amendment. *Montgomery v. Eaton Peabody, LLP*, 2016 ME 44, ¶ 13, 135 A.3d 106 (citing *Bangor Motor Co. v. Chapman*, 452 A.2d 389, 392 (Me. 1982)). Further, "[w]hen a proposed amended complaint would be subject to a motion to dismiss, the court is well within its discretion in denying leave to amend." *Id.* (quoting *Glynn v. City of S. Portland*, 640 A.2d 1065, 1067 (Me. 1994)) (internal quotations omitted).

## ANALYSIS

Plaintiffs seek to assert a new claim under 9-B M.R.S. § 162. Section 162 prohibits financial institutions in Maine from "disclos[ing] to any person, except to the customer or the customer's duly authorized agent, any financial records relating to that customer" unless the disclosure falls under one the exceptions enumerated in the statute. 9-B M.R.S. § 162. Section 162 however does not address penalties for violations. Instead, violations of Section 162 are addressed in 9-B M.R.S. § 164. Section 164 provides that a financial institution that "intentionally or knowingly furnishes financial records in violation of this chapter commits a civil violation for which the superintendent may assess a civil penalty of not more than $5,000 per violation. 9-B M.R.S. § 164(1).

Under Maine law, a statute may provide for a private right of action by express language or by implication. *Wawenock, LLC v. Dep't of Transp.*, 2018 ME 83, ¶ 5, 187 A.3d 609. Nothing in the plain language or legislative history of Sections 162 or 164 expressly or impliedly creates a private right of action. Moreover, the Business and Consumer Court has already established that under Section 164, a court even lacks the authority to impose a civil penalty for a violation of Section 162. In *Bank of Maine v Boothbay Country Club*, the Court found that Section 164 "does

not confer upon the court jurisdiction to consider the imposition of civil penalties . . ." *Bank of Me. v. Boothbay Country Club*, No. BCD-CV-2013-18, 2013 Me. Bus. & Consumer LEXIS 30, at \*6 (June 27, 2013). Accordingly, "the civil penalty is available in an administrative enforcement action" only, and not in a civil action. *Id.* It follows that there is no private right of action under Section 162 in civil proceedings. Without a private right of action, the proposed amendment to the Complaint in this matter would be futile.

## CONCLUSION

For all the foregoing reasons, the Court DENIES Plaintiffs' Motion to Amend the Complaint on the grounds that the proposed amendment would be futile.

The Clerk is instructed to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

So Ordered.

Dated: **09/29/2021**

_____
Judge, Business and Consumer Court

Entered on the docket:  09/29/2021

3