STATE OF MAINE                           SUPERIOR COURT
CUMBERLAND, ss.                          CIVIL ACTION
                                         DOCKET NO. CV- ᴊᴊ- ᴣoᴄ

PATRICIA SABLOCK,
Plaintiff


v.                                       ORDER

MODERN STRUCTURES PAINTING,
JOHN RICHARDS,
Defendants

Before the court are Plaintiff's request for default and Defendant's Motion for Entry of Late Responsive Pleadings. The Complaint arises out of a dispute over renovations at the Plaintiff's home. The Complaint alleges Plaintiff had a contract with Modern Structures Painting LLC ("MSP"). John Richards is the sole member. The Complaint names both MSP and Richards as Defendants.

The Complaint was served on the Defendants on October 20, 2022. On November 10, the Plaintiff's requested that the clerk enter a default. The court has not yet acted on that because on the same date, John Richards filed a Motion for Entry of Late Responsive Pleadings and an Answer and Counterclaim. The court waited to see if there was a response to the Defendants motion. No response has been filed and Richards represented he copied Plaintiff's counsel with the motion. There being no response, the motion is granted.

There is one issue with the motion that the court should address. Because he is not an attorney, Mr. Richard is barred from by Maine law from representing a corporation. 14 M.R.S §807(1). Therefore, unless Richards meets one of the exceptions to the statute, he cannot represent MSP. One exception allows an officer of the corporation to *defend* a civil action against a Maine corporation that has 5 or fewer shareholders. 4 M.R.S. §807(3)(J)(emphasis supplied). The

1

REC'D CUMB CLERKS OFC
DEC 14 '22 AM9:39

provision does not specifically apply to a sole member limited liability corporation. Not having heard from the parties on the issue, the court does not determine at this time whether the exception applies to a sole member limited liability corporation. The court does point out, however, that the statute only applies to a corporation that is defending a civil action. Here, Richards has filed a counterclaim on behalf of MSP. By filing a counterclaim, MSP is bringing a separate claim of relief and must retain counsel. *Carey v. Indian Rock Corp.*, 2005 ME 6, ¶3 (Me. 2005). Without counsel, the counterclaim will be dismissed. *Id.*

The court orders as follows:

The Motion for Entry of Late Responsive Pleadings is GRANTED. The clerk will not enter a default and any objection to the *timeliness* of Defendants' Answer is waived.

Defendant MSP will either retain counsel or show cause why the counterclaim should not be dismissed by January 15.

Either party may submit argument on whether John Richards may represent MSP on the defence of Plaintiff's Complaint by Jan 15. If Richards retains counsel, the issue is moot.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: 12/18/22

Thomas R. McKeon
Justice, Maine Superior Court

2