MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2018 ME 119
Docket:        Ken-18-22
Submitted
  On Briefs: July 19, 2018
Decided:       August 16, 2018

Panel:        SAUFLEY, C.J., and ALEXANDER, HJELM, and HUMPHREY, JJ.

SETH T. CAREY

v.

BOARD OF OVERSEERS OF THE BAR et al.

PER CURIAM

[¶1]  Seth T. Carey appeals from a judgment of the Superior Court (Kennebec County, *Anderson, J.*) granting motions to dismiss and motions for summary judgment.  The court's order resulted in judgment for all defendants on Carey's wide-ranging complaint against judges and other court employees, the Board of Overseers of the Bar, the Maine Commission on Indigent Legal Services (MCILS), and the Lewiston Sun Journal.  Carey's complaint was based on the defendants' actions related to or participation in an attorney disciplinary proceeding before the Board that resulted in the court (*Brennan, J.*) accepting an agreed two-year suspended suspension from the practice of law with many conditions imposed on Carey's practice.

2

[¶2] Carey appeals, contending that the court improperly ruled that most defendants were protected by statutory or common law immunities, that there were no disputes of fact regarding his claims against the defendants, and that the defendants are entitled to judgment as a matter of law. We affirm.

## I. CASE HISTORY

[¶3] In 2016, the Board of Overseers of the Bar brought three disciplinary informations, M. Bar R. 13(g), against Seth T. Carey. *Board of Overseers of the Bar v. Carey*, BAR-16-15 (Nov. 21, 2016) (*Brennan, J.*). After negotiations, Carey and the Board agreed to the entry of a negotiated order "identifying Attorney Carey's misconduct and the resulting sanctions imposed by the court." *Id*. at 1. The agreed order identified Carey's misconduct and supporting evidence organized by the three disciplinary informations. *Id*.

[¶4] The first disciplinary action was based on evidence presented by four Maine judges at a Grievance Commission proceeding where those "four jurists recounted their experiences, observations, and concerns about Attorney Carey's lack of core competence."[1] *Id*. at 2. The order recognized that Carey had been "adamant that the jurists['] accounts were inaccurate and that they

---

[1] Having observed such concerning performances, the judges may have had an ethical obligation to report Carey to the Board of Overseers of the Bar. *See* M. Code Jud. Conduct R. 2.15(B).

had colluded in a conspiracy against him." *Id.* The order noted, however, that Carey agreed that the testimony of the judges at the hearing before the Grievance Commission comprised "sufficient evidence for this Court to find that he had demonstrated a lack of core competence in the handling of his clients' respective litigation matters." *Id.* at 3.

[¶5]  Based on that information, and apparently by agreement, the court found that Carey had committed violations of Maine Rules of Professional Conduct 1.1 (incompetence), 1.3 (lack of reasonable diligence in representing clients), 3.3(a)(3) (offering material evidence that is false), 3.3(b) (failure to disclose false evidence to a court), and 8.4(d) (conduct prejudicial to the administration of justice).[2] *Id.*

[¶6]  The second disciplinary action was based on a complaint by a physician who had served as an independent medical examiner in a proceeding in which Carey represented a claimant before the Maine Workers' Compensation Board. *Id.* The physician's complaint expressed concern regarding Attorney Carey's conduct both in preparation for and during a

---

[2]  The court also found violation of Maine Rule of Professional Conduct 8.4(a) (violation of the Rules of Professional Conduct). *Board of Overseers of the Bar v. Carey*, BAR-16-15 (Nov. 21, 2016) (*Brennan, J.*). Because Rule 8.4(a) makes violation of any other Rule of Professional Conduct a separate violation of Rule 8.4(a), the violation of Rule 8.4(a) cannot be considered a distinct violation of the Rules of Professional Conduct.

4

deposition. *Id*. at 4. A hearing officer of the Workers' Compensation Board found that Carey had failed to provide relevant medical reports to the physician prior to his deposition and had asked the physician many questions, during the deposition, relating to medical evidence that had not been admitted into evidence in the proceeding. *Id*. at 6.

[¶7] The agreed order found that "Attorney Carey's failure to timely provide the necessary medical documents to [the physician]" constituted violations of Maine Rules of Professional Conduct 1.1 (incompetence) and 1.3 (lack of reasonable diligence in representing a client). *Id*.

[¶8] The third disciplinary action was initiated by a complaint filed on behalf of a bank managing Carey's client trust accounts (interest on lawyers trust accounts (IOLTA accounts)) pursuant to Maine Bar Rule 6 and Maine Rule of Professional Conduct 1.15. *Id*. at 7. The complaint asserted that Carey improperly used his client trust account to make payments for both personal and professional expenses during the course of many months. *Id*. Carey had characterized these payments from his client trust accounts as "mistakes." *Id*. The agreed order found that even if Carey's explanation was accurate, "Attorney Carey admits that he failed to abide by the rules governing client trust accounts. This failure is troubling because as an attorney licensed for more

than ten years, Attorney Carey knew or should have known that he could not comingle funds or draw upon his IOLTA account for personal and other nonclient expenses." *Id*. at 7-8.

[¶9] Despite this finding, the agreed order did not explicitly find a violation of Maine Bar Rule 6 or Maine Rule of Professional Conduct 1.15 relating to this disciplinary information. Instead, regarding this information, the court found a violation of only Maine Rule of Professional Conduct 1.1 (incompetence). *Id*. at 8.

[¶10] Proceeding to address sanctions, the court noted that "Attorney Carey has previously been sanctioned for misconduct, some of which is similar to the instant matters and some of which is unrelated to those concerns. *See* two Orders of Suspension, February and October 2009, respectively." *Id*. at 8.

[¶11] With that background and based on the parties' agreement submitted in the proceeding "as supplemented by the Court," the court ordered Carey suspended from the practice of law for two years but suspended all of that suspension—so that no actual suspension from practice was imposed. *Id*. at 9. The suspended suspension was subject to twenty-eight conditions that primarily required supervision and monitoring of Carey's practice, improvements in his management of his practice, and continuing legal

education and other courses to improve his practice management and compliance with his professional ethical obligations. *Id*. at 9-17.[3]

[¶12] Less than two months after the entry of the November 2016 agreed-upon suspended suspension disciplinary order, in January 2017, Carey filed in the Superior Court a wide-ranging complaint, later amended, against the four judges who had presented evidence in the Grievance Commission proceedings, several other court employees who had worked with the judges, the physician who had filed the complaint against Carey, the Lewiston Sun Journal, MCILS and its director, the Board of Overseers of the Bar, the Board's attorneys who had prosecuted the grievance complaint against Carey and negotiated the agreed disposition of the grievance complaint, the Maine District Court, and the Office of the Clerk of Courts.

[¶13] Carey's amended complaint asserted numerous causes of action and allegations against the defendants including: negligence, abuse of process, invasion of privacy, false light, malicious prosecution, fraud upon the court, misrepresentation, conspiracy, tortious interference with prospective and actual economic advantage, tortious interference with contractual relations,

---

[3] As a result of an order in a subsequent Bar disciplinary proceeding, *Board of Overseers of the Bar v. Carey*, BAR-18-04 (Apr. 30, 2018) (*Warren, J.*), Carey is currently subject to an indefinite suspension from the practice of law.

violation of the Maine Unfair Trade Practices Act (MUTPA), negligent infliction of emotional distress, intentional infliction of emotional distress, violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), and M.R. Civ. P. 80C appeal of an administrative action.

[¶14]  The court, the Board of Overseers of the Bar and their related individual defendants, and the MCILS filed motions to dismiss in February of 2017; the Lewiston Sun Journal filed a motion to dismiss in May of 2017; and the physician filed a motion to dismiss in June of 2017.

[¶15]  The court (*Anderson, J.*) granted each of the defendants' motions to dismiss on October 25, 2017.  Specifically, the court concluded that: (1) Carey's tort claims against the judges and court employees were barred by judicial immunity, pursuant to 14 M.R.S. § 8111(1)(B) (2017); (2) Carey's tort claims against the MCILS director were barred by discretionary immunity, pursuant to 14 M.R.S. § 8111(1)(C); (3) Carey's tort claims against the Board's attorneys who had prosecuted the disciplinary action against him were barred by discretionary function immunity and prosecutorial immunity, pursuant to 14 M.R.S. § 8111(1)(C)-(D); (4) Carey's tort claims against another Board employee were legally insufficient because the claims did not allege anything specific that that employee had done to harm him; (5) Carey's MUTPA and RICO

8

claims against all defendants were barred by sovereign immunity; (6) Carey's M.R. Civ. P. 80C appeal was not timely filed, and even if it had been timely filed, Carey had failed to prosecute the appeal; (7) Carey's claims against the physician were barred pursuant to Maine's Anti-SLAPP statute, 14 M.R.S. § 556 (2017); and (8) Carey's claims against the Lewiston Sun Journal were dismissed pursuant to M.R. Civ. P. 12(b)(6), based on his failure to plead all necessary elements of his claims.

[¶16] The motions to dismiss filed by the governmental entities (the Board, the Maine District Court, the Office of Clerk of Courts, and MCILS), "with respect solely to the state law tort claims," were converted to motions for summary judgment by the court. The governmental entities filed their motions for summary judgment in November of 2017. Carey did not file an opposition to these motions. The Superior Court granted the motions for summary judgment on January 3, 2018.

[¶17] Carey filed a notice of appeal on January 22, 2018.[4]

---

[4] On appeal, Carey primarily challenges the dismissal of his tort claims as being barred by the immunities provided by 14 M.R.S. § 8111(1)(B)-(D) and the court's dismissal of his claims against the Lewiston Sun Journal. This opinion focuses on those two arguments. Carey's arguments presented in his brief do not appear to challenge: (1) the court's order granting summary judgment in favor of the government entities; (2) the court's dismissal of Carey's claims against a Board employee; (3) the court's dismissal of Carey's MUTPA and RICO claims based on sovereign immunity; and (4) the court's dismissal of Carey's claims against the physician pursuant to Maine's Anti-SLAPP statute, 14 M.R.S.

## II.  LEGAL ANALYSIS

### A.    Board and Judicial/MCILS's Motions to Dismiss

[¶18]  Carey does not appear to challenge the court's specific finding and conclusion that the absolute privilege afforded witnesses in judicial proceedings, as discussed in *Dunbar v. Greenlaw*, 152 Me. 270, 277, 128 A.2d 218 (1956), applies to bar claims against the defendants arising out of their statements made during Carey's Board proceedings.  *See Mehlhorn v. Derby*, 2006 ME 110, ¶ 11, 905 A.2d 290 ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

[¶19]  When considering an appeal of a motion to dismiss, "[w]e review the legal sufficiency of the complaint de novo and view the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory."  *Nadeau v. Frydrych*, 2014 ME 154, ¶ 5, 108 A.3d 1254.  This motion "tests the legal sufficiency of the complaint" and

§ 556 (2017).  *See Bayview Loan Servicing, LLC v. Bartlett,* 2014 ME 37, ¶ 15 n.5, 87 A.3d 741 (stating that a party waives any argument that it fails to adequately develop in briefing).

10

"does not probe the merits of the underlying case." *Haskell v. Phinney*, 460 A.2d 1354, 1359 (Me. 1983).

B.     Maine Tort Claims Act

[¶20]  We first consider the application of the immunity provisions of the Maine Tort Claims Act as they apply to the claims filed against all defendants except the Lewiston Sun Journal.

[¶21]  The Maine Tort Claims Act, 14 M.R.S. §§ 8101-8118, provides broadly that "[e]xcept as otherwise expressly provided by statute, all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages."  The MTCA also extends personal immunity to employees of governmental entities for the following actions: (1) undertaking or failing to undertake any judicial or quasi-judicial act; (2) performing or failing to perform any discretionary function or duty; and (3) performing or failing to perform any prosecutorial function involving civil, criminal, or administrative enforcement.  *Id.* § 8111(1)(B)-(D).  "[L]iability is the rule and immunity the exception" when it comes to employees of governmental entities. *Day's Auto Body, Inc. v. Town of Medway*, 2016 ME 121, ¶ 20, 145 A.3d 1030.

[¶22]  Title 14 M.R.S. § 8111(1)(E) further provides that "such immunity does not exist in any case in which an employee's actions are found to have been

in bad faith." We have stated that the "bad faith" language does not apply to negate the absolute immunities of 14 M.R.S. § 8111(1)(A)-(D). *Grossman v. Richards*, 1998 ME 9, ¶ 9, 722 A.2d 371.

[¶23] Here, accepting Carey's factual allegations as true, Carey alleges no set of facts that could support the requisite elements of any of the claims he asserts against the defendants, who are governmental employees or entities. Carey generally states that the defendants "engaged in repeated malfeasance and prolonged efforts to wrongfully destroy Carey's professional career and reputation through false and embellished swearing, testimony and accusations," but he never specifically asserts what these efforts were. Carey's claims asserted against the defendants, even if factually true, are conclusory and legally deficient, as he does not provide enough facts to support each element of the causes of action he alleges. *See Seacoast Hangar Condo. II Assoc. v. Martel,* 2001 ME 112, ¶ 16, 775 A.2d 1166 (stating that in reviewing a dismissal this Court is not bound to accept the complaint's legal conclusions).

[¶24] Further, Carey states that he "defended against these outlandish, dangerously embellished and even completely fabricated allegations" that were the basis of his attorney discipline action that resulted in the November 2016 order finding that Carey had violated provisions of the Maine Rules of

Professional Conduct, *see Board of Overseers of the Bar v. Carey*, BAR-16-15 (Nov. 21, 2016) (*Brennan, J.*). Carey waived his right to trial on those allegations and attempts to relitigate the issues raised during his bar discipline hearing, despite the fact that he "agreed to the entry of this negotiated Order identifying [his] misconduct and the resulting sanctions imposed by the Court." *Id.* at 1.

[¶25] Separate from the insufficiency of the complaint to state claims against these defendants, and contrary to Carey's contentions, the defendants' actions were protected pursuant to 14 M.R.S. § 8111(1)(B)-(D). The Board and Judicial/MCILS defendants are employees of government entities, and their actions related to the disciplinary hearing concerning Carey's conduct as an attorney were discretionary functions, judicial functions, or prosecutorial functions within the meaning of 14 M.R.S. § 8111(1)(B)-(D). The court did not err in granting the Board and Judicial/MCILS defendants' motions to dismiss.

[¶26] In addition to the grounds to support dismissal of the action noted by the trial court, Carey's complaint against the judges and other judicial employees arises out of their report to the Board of action by Carey that they viewed as unethical. Maine Code of Judicial Conduct Rule 2.15(B) requires that

> A judge having knowledge that a lawyer has committed a violation
> of the Maine Rules of Professional Conduct that raises a substantial

question regarding that lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects shall inform the Board of Overseers of the Bar . . . .

[¶27] We have held that "[a]ny person has a qualified privilege to make statements to law enforcement or regulatory agencies regarding the conduct of others, where the person making the statement believes in good faith that the statement is true and indicates that a statutory standard administered by the agency may have been violated." *Truman v. Browne*, 2001 ME 182, ¶ 15, 788 A.2d 168 (citing *Baker v. Charles*, 919 F. Supp. 41, 44 (D. Me. 1996); *Packard v. Central Maine Power Co.*, 477 A.2d 264, 267-68 (Me. 1984); Restatement (Second) of Torts § 598 (1976)).

[¶28] Carey agreed to discipline based on the judges' complaints and the physician's complaint. Consequently, there can be no question that the qualified privilege to report Carey's misconduct protected the judges' and the physician's reports in this case.

C. Lewiston Sun Journal's Motion to Dismiss

[¶29] A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* M.R. Civ. P. 12(b)(6). When considering an appeal of a motion to dismiss, we review "the legal sufficiency of the complaint de novo and view the complaint in the light most favorable to the

14

plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Nadeau*, 2014 ME 154, ¶ 5, 108 A.3d 1254.

[¶30]  Carey asserts various causes of action against the Lewiston Sun Journal,[5] alleging in very general and conclusory terms, the actions of the Lewiston Sun Journal as the basis for his claims of negligence, invasion of privacy, disclosure, defamation, and false light publicity.

[¶31]  Carey fails to provide, with specificity, the actual statements or actions of the Lewiston Sun Journal that support his claims.  Referencing reports about Carey's then pending public disciplinary proceedings, Carey alleges that the "Sun Journal gladly took these lies and did what they do—wrote another libelous batch of stories" and that the "Sun Journal (a.k.a. 'Scum Journal') published these lies and embellishments and published them, irreparably damaging Plaintiff's professional and private reputation."  These are two of the few specific references to the Lewiston Sun Journal in Carey's

---

[5]  Carey asserted the following causes of action against the Lewiston Sun Journal: negligence, invasion of privacy, disclosure, defamation, false light, malicious prosecution, fraud upon the court, conspiracy, tortious interference with prospective and actual economic advantage, tortious interference with contractual relations, violation of MUTPA, negligent infliction of emotional distress, intentional infliction of emotional distress, violation of RICO, M.R. Civ. P. 80C appeal of administrative action, and declaratory judgment; and he sought punitive damages, a restraining order, and attorney fees.

complaint, and Carey does not state what these "lies" and "embellishments" were.

[¶32]   Newspaper reports of public court filings and proceedings, including those proceedings that result in imposition of professional discipline, are protected conduct under the First Amendment. *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 495 (1975).  In the face of the First Amendment protection, allegations to avoid that protection must be stated with particular precision. No such precise facts are asserted here.   Even if Carey has presented an argument on appeal sufficient to preserve the issue for appellate review, we conclude that the court did not err in dismissing Carey's claims against the Lewiston Sun Journal pursuant to M.R. Civ. P. 12(b)(6).

The entry is:

Judgment affirmed.

16

Seth T. Carey, Esq., L/A Law, Auburn, for appellant Seth T. Carey

Janet T. Mills, Attorney General, and Susan P. Herman, Dep. Atty. Gen., Office of the Attorney General, Augusta, for appellees Office of the Clerk of Courts et al.

Janet T. Mills, Attorney General, and Thomas A. Knowlton, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellees Maine Board of Overseers of the Bar et al.

Bryan M. Dench, Esq., Stephen B. Wade, Esq., and Amy Dieterich, Esq., Skelton Taintor & Abbott, Auburn, for appellee Lewiston Sun Journal

Hillary J. Bouchard, Esq., Thompson Bowie & Hatch LLC, Portland, for appellee Matthew J. Donovan

Kennebec County Superior Court docket number CV-2017-17
FOR CLERK REFERENCE ONLY