STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-22-330

JENNIFER HOULD

v.                                                          ORDER

MICHELLE EMPEY *et. al*

Before the court is the Motion to Dismiss filed by Defendants Coldwell Banker Residential

Brokerage and Margaret Coon ("Realtors"). For the reasons stated herein, the motion is DENIED.

The Plaintiffs filed an eight count complaint after purchasing a house with a well that does

not produce a sufficient quantity of water. The property disclosure indicated that the well had a

previous problem with quantity, but that the problem had been fixed in 2015. The Complaint

outlines, in detail, allegations that the testing and work done after 2015 established that the sellers

were allegedly well aware that the quantity issues had not been resolved by the 2015 repair.

Six of the eight counts purport to state claims against the Realtors. The Complaint alleges,

in general, that the Realtors knew or should have known that that the well quantity representations

were false, based on the amount of information allegedly available to the sellers. Consequently,

the Complaint alleges negligence, negligent misrepresentation, unfair trade practices act violation

and unjust enrichment against the Realtors. The Complaint also alleges "fraudulent concealment"

and "fraudulent misrepresentation."

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of the complaint and

does not probe the merits of the underlying case." *Carey v. Bd. of Overseers of the Bar*, 2018 ME

119, ¶ 19, 192 A.3d 589 (internal quotation marks omitted). In reviewing a motion to dismiss,

courts must "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123 (citing *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quotation marks omitted). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that [they] might prove in support of [their] claim." *Id.* (quotation marks omitted).

The Complaint must allege the facts that support the cause of action. Merely reciting the elements of the claim are not enough. *Meridian Med. Sys., LLC v. Epix Therapeutics, Inc.*, 2021 ME 24, ⁋ 3, 250 A.3d 122. Ultimately, the Complaint need only "give fair notice of the cause of action by providing a short and plain statement of the claim and allege facts sufficient to demonstrate that the complaining party has been injured in a way that entitles him or her to relief." *Id.*

With respect to the two counts alleging negligence and negligent misrepresentation, the Complaint is sufficient to place the Realtors on notice of the claim. The statutes and regulations governing Realtors create a duty to disclose defects of which the real estate broker knew or should have known acting in a reasonable manner. *Kezer v. Mark Stimson Assocs.*, 1999 ME 184, ⁋ 12. There are sufficient facts here to put the Realtors on notice of the claim against them. Although the Complaint does not specify how the Realtors "should have known" about the water quantity, an adverse party is not likely to know that without discovery. The Plaintiffs laid out a detailed description of the alleged misrepresentation. They are not required to prove their case at this stage. Counts IV and VIII survive the Motion to Dismiss. Similarly, the Realtors' request to dismiss the unfair trade practices claim and the unjust enrichment counts was based only on an argument

that they should not survive if the other counts do not survive. Because the court declines to dismiss Counts IV and VIII, the court also declines to dismiss Counts II or V.

That leaves the two counts alleging fraud. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." M.R.Civ.P. 9(b). The circumstances, the actual misrepresentation and the reliance are all pled specifically. The Realtors argue that the knowledge is not pled specifically. Rule 9(b), however, suggests that knowledge and intent may be pled generally, as was done here. The reason is that a plaintiff is not likely to be able to show a defendant's knowledge without employing the tools of discovery. Harvey, *Maine Civil Practice,* § 9.3 (2020-21 ed.). With respect to reliance, the Realtors argue that there will be vigorous factual dispute, but those are not decided at the time of a Motion to Dismiss. Therefore, the court also does not dismiss Counts I and III.

The entry is: Motion to Dismiss is DENIED.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: _12/16/22_

_____
Thomas R. McKeon
Justice, Maine Superior Court

3